[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
BY THE DIVISION
On July 3, 1994, Hartford Police went to 44 Benton Street on the report of a stabbing. They found the victim in the middle of the street with multiple stab wounds. He was transported to the hospital where he expired from his injuries.
Investigating detectives found witnesses who told them that Saez, a.k.a. Trigger, was a member of Los Solidos. The defendant was driving a van and spoke to the victim. They exchanged heated words then the defendant punched the victim as he approached the van. The defendant exited the van and pulled out a knife. The witness tried to stop the fight, but was unable to by herself and no one would assist her. She saw the defendant stab the victim, and as he fell into the witness's arms, Saez yelled "You're a dead man."
A second witness told police that earlier that evening Saez was telling her how he had been suspended from the gang, and showed her his knife, and told her that anyone who bothered him would find out how he got his nickname "Trigger."
Defendant was located in California, in possession of $25,000 and returned to Connecticut on Murder charges. He was tried by a three-judge panel and convicted of Murder.
The sentencing judges commented that, "This is a tragedy. There are no ways to heal the wounds that have been opened to the victim's family, especially. It was a brutal, senseless, ugly murder. The number of stab wounds, the method of death, the time and circumstances were horrible . . . [The victim] was pointed in the right direction, had secure family support, was going to be someone responsible and productive in our society . . . The defendant through a series of horrible mistakes in his life ends up before this Court being sentenced today." (Transcript, pp. CT Page 4410 32, 33.)
This Court will take into account the considerations of deterrence, rehabilitation and punishment. Nothing can bring the victim back, but we will try to bring peace to the victim's family. "Mr. Saez chose to associate himself with a gang. That activity in this particular city before these particular judges has many times produced death . . . Family is a distorted word when it comes to the gang affiliation. Mr. Saez obviously fed off that, carried a knife, and basically put himself in the position to create and do this heinous act. Mr. Saez also comes before this court with a record, criminal record, although not major in scope, indicative of his personality, his inability to operate inside the law within our society. The Court also has given great weight to the Defendant's activity after the murder in which he procured false identification and basically hid in the state of California committing further indiscretions and . . . illegal acts while hiding from the proper arm of the law."
The victim was a student at Central when he died and was employed full time at a construction company. The family was upset and angry about the incident and the mother would like to see justice. The mother was very active in seeing the defendant apprehended.
At sentencing the mother said that she and her son were very close and that the defendant has destroyed her life as well as her family's. He was a good kid who was in the wrong place at the wrong time. He was going to college and had big plans for the future. She said she was angry and that the defendant was a con artist who felt no sorrow or remorse. His family acts as if they are coming in for a traffic ticket. She asked for the maximum.
The State sought a maximum sentence. The court extended consideration when it imposed a sentence of 50 years.
But for an offense in 1992 when he received a suspended sentence and subsequent monetary fine for a Breach of Peace, he had accumulated no other criminal record.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended." CT Page 4411
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book §43-23 et seq., and Connecticut General Statutes § 51-194 et seq.
The Division does not sit as a sentencing court. The time to present the defendant in the most favorable light is at the time of sentencing. The Division did consider remarks of his counsel. The sentence imposed is neither inappropriate nor disproportionate. In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23
et seq.
The sentence is AFFIRMED.
 FORD HOLDEN
Judges Ford and Holden, participated in this decision. CT Page 4412